IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LOUIS REED, JR.,

    Petitioner,

vs.                                    Case No. 4:10cv438-MP/CAS

FLORIDA PAROLE COMMISSION and

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,[1]

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Louis Reed, Jr., proceeding pro se, filed a 28 U.S.C. § 2254 petition on December 27, 2010. Doc. 1. After direction by this Court, Doc. 15, Petitioner ultimately filed a second amended petition, Doc. 16. On August 11, 2011, Respondent Florida Parole Commission (Commission) filed an answer, with exhibits. Doc. 19. Petitioner filed a reply thereto on August 30, 2011. Doc. 26. On September 29, 2011,

---

[1]The Clerk of Court shall substitute Michael D. Crews as Secretary of the Florida Department of Corrections in place of Kenneth Tucker. Michael Crews became Secretary on December 17, 2012, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

Respondent Secretary of the Florida Department of Corrections (Department) filed an answer, with exhibits. Doc. 27. Petitioner filed a reply thereto on October 4, 2011. Doc. 28.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show the petition is successive and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

On September 28, 1990, in Florida state court, Polk County Circuit Court case number 89-1115, Petitioner Reed was convicted on three counts: (1) armed burglary, (2) armed kidnaping, and (3) attempted first degree murder. Doc. 19 Ex. A. The offenses occurred on March 15, 1989. *Id*. Reed was sentenced to twenty-five (25) years in state prison on Count 1, followed by concurrent terms of fifteen years' probation on Counts 2 and 3. *Id*. Reed had a prior felony conviction for manslaughter in the second degree in Connecticut in 1980. *Id*. Ex. B.

On April 23, 2001, Reed reached his release date for his state prison sentence through the accumulation of jail credit, timed served, and 4854 days of gain-time, and

began serving his probation terms. *See id.* Exs. C, M at 48-50 (ECF page #s). The Polk County Circuit Court revoked Reed's probation on October 7, 2004, after Reed admitted to violating his probation terms. *Id*. Ex. D at 13-14. The court sentenced him in case number 89-1115 to thirty (30) years in prison on Counts 2 and 3, to run concurrent, with credit for the time he had served on the twenty-five year sentence on Count 1. *Id*.

On April 11, 2006, Reed reached the tentative release date on his prison sentence for Counts 2 and 3. *Id*. Ex. E. The Florida Parole Commission (Commission) ordered that Reed be released from prison on conditional release supervision, pursuant to section 947.1405, Florida Statutes. *Id*.

In 2007, Reed filed a petition for writ of habeas corpus pursuant to § 2254 in the Northern District of Florida, assigned case number 4:07cv47-SPM/WCS, and the case was transferred to the Middle District because Reed's convictions were imposed in Polk County. *Id*. Ex. F at 5; *see* docket for Reed v. Fla. Parole Comm'n, 4:07cv47-SPM Docs. 1 (petition), 4 (report and recommendation to transfer petition to Middle District), 9 (order adopting report and recommendation to transfer). The Middle District transferred the case back to the Northern District of Florida, explaining that Reed was not challenging the validity of his state court conviction from Polk County but, rather, he argued he was improperly placed on conditional release supervision by the Florida Parole Commission on April 12, 2006, because his Polk County sentence expired on April 11, 2006, and asked that his scheduled termination date of September 5, 2022, for conditional release supervision be stricken. Docket for Reed v. Fla. Parole Comm'n,

4:07cv47-SPM Doc. 13 (Order to Transfer dated July 12, 2007); *see* Doc. 19 Ex. F at 9-28. After the Commission filed its response, U.S. Magistrate Judge Allan Kornblum entered a Report and Recommendation on March 20, 2008, explaining the venue was always appropriate in the Middle District and re-transfer to the Northern District should not have occurred, but also recommending the § 2254 petition be denied for failure to exhaust state court remedies and the case dismissed without prejudice. Doc. 19 Ex. F at 5-8. The district court adopted the Report and Recommendation on June 5, 2008, and dismissed the cause without prejudice for failure to exhaust state court remedies. *Id*. at 1-3.

On September 4, 2008, the Commission issued a Warrant for Retaking Conditional Release, alleging that Reed violated Condition 2(b) by leaving his county of residence, Manatee County, on September 3, 2008, without first securing the consent of his Conditional Release Officer. *Id*. Ex. G at 2-5. A final revocation hearing took place on September 30, 2008, during which supervising officer Sandy Hotwagner and Reed testified. *Id*. at 9-13. The examiner found Reed guilty of willfully violating a substantial condition of supervision but recommended that Reed be restored to supervision. *Id*. at 12-13. On October 29, 2008, the Commission rejected the examiner's recommendation and revoked Reed's conditional release supervision, effective September 15, 2008. *Id*. at 14. Pursuant to section 944.28(1), Florida Statutes, the Department of Corrections forfeited the gain-time Petitioner had earned prior to his release on conditional release supervision. *See id.* Ex. M at 39.

On or about August 25, 2008, Reed filed a petition for writ of mandamus in the Second Judicial Circuit, Leon County, Florida, assigned case number 2008-CA-2793. *Id.* Ex. H at 20-26. Reed argued that he should not be subject to certain terms and conditions of conditional release because his offense date preceded the effective date of section 947.1405(7)(a), Florida Statutes, and his termination date for conditional release supervision exceeded the length of his criminal sentence. *Id*. The Commission filed its response on or about October 31, 2008. *Id*. at 11-19. The circuit court issued an order on July 9, 2009, denying Reed's mandamus petition. *Id*. at 4-7. Reed appealed to the First District Court of Appeal (DCA), in case number 1D09-3685. *Id*. at 2-3. The First DCA per curiam affirmed the order without an opinion on January 7, 2010. *Id*.

Meanwhile, on December 1, 2008, Reed filed a petition for writ of habeas corpus in the Second Judicial Circuit, Wakulla County, Florida, assigned case number 08-124-CA. *Id*. Ex. I at 4-29. The Commission filed a response and Reed filed a reply. *Id*. at 64-83; see id. at 58. On August 6, 2009, the circuit court issued an order denying Reed's habeas corpus petition. *Id*. at 58-63. (During the pendency of this state habeas proceeding, Reed had also filed a petition for writ of mandamus in the First DCA, case number 1D09-3500; after the Commission advised the First DCA that the circuit court had ruled on the habeas corpus petition, the First DCA denied the mandamus petition as moot. *Id*. Ex. J.)

On April 1, 2009, Reed filed a petition for writ of certiorari in the First DCA, assigned case number 1D09-4448. *Id*. Ex. K at 6-44. On October 28, 2009, the

Commission filed a response. *See id.* at 2. Reed filed a reply. *See id.* On December 17, 2009, the First DCA issued a one-sentence opinion denying the petition on the merits. *Id*. at 3. Reed filed a motion for rehearing, which the First DCA denied on January 13, 2010. *See id.* at 2. The mandate issued on February 2, 2010. *Id*. at 5.

Thereafter, Reed filed at least three more federal habeas corpus petitions pursuant to § 2254. First, on or about September 4, 2010, Reed filed a § 2254 petition in the Northern District of Florida, and that petition was transferred to the Middle District, in case number 8:10cv2107-SDM/EAJ. *Id*. Ex. L. In this petition, Reed challenged the revocation of his conditional release and raised five grounds: (1) the Florida Parole Commission's decision was contrary to Florida law because the evidence presented at the hearing did not establish any violation of his conditional release was willful; (2) the revocation of his conditional release was illegal because the Commission refused to appoint counsel to represent him during the proceedings; (3) the Commission wrongfully disregarded the hearing examiner's recommendation when it revoked, rather than reinstating, his conditional release; (4) the Commission violated his due process rights; and (5) the Commission's revocation decision was invalid because it was based solely on hearsay evidence. Doc. 19 Exs. L at 20-55, L-2 at 1-5. On May 12, 2011, the district court issued an order, quoting extensively from the state circuit court order dated August 6, 2009, denying Reed's habeas corpus petition, and finding Reed received all due process protections and failed to show the state court's decision was unreasonable or contrary to controlling U.S. Supreme Court precedent. Doc. 19 Exs. L-1 at 7-13. Accordingly, the district court denied Reed's § 2254 petition and entered judgment on

May 13, 2011. Reed v. Sec'y, Dep't of Corr., No. 8:10cv2107-SDM/EAJ, Docs. 25 and 26. By order filed on January 31, 2012, the Eleventh Circuit Court of Appeals denied Reed's motion for a certificate of appealability, finding he failed to make the requisite showing. *Id*. Doc. 35.

Second, on September 27, 2010, Reed filed a § 2254 petition in the Northern District of Florida, assigned case number 5:10cv264-MW/CJK. *See* Doc. 19 Ex. M. Reed ultimately filed a second amended § 2254 petition in that case, raising two grounds: (1) the Department of Corrections' calculation of the termination date of Reed's conditional release supervision violated his due process rights because it improperly included the net gain-time Reed earned on his expired 25-year prison sentence on Count 1; and (2) the Department of Corrections' improper forfeiture of 4854 days of gain-time upon the revocation of Reed's conditional release supervision violated his due process rights and the only gain-time subject to such forfeiture was the 1137 days Reed earned on the sentence imposed on Counts 2 and 3 after he violated probation. Reed v. Crews, No. 5:10cv264-MW/CJK, Doc. 36; *see id.* Doc. 70 at 5-6. The Florida Department of Corrections filed a response and exhibits. *Id*. Docs. 34 and 35. In a Report and Recommendation dated March 7, 2013, the U.S. Magistrate Judge found the Commission and the Department of Corrections "did not unlawfully resurrect" Reed's prior 25-year sentence when considering the 4854 days of gain-time in calculating his condition release supervision termination date, or when forfeiting the 4854 days of gain-time upon revocation of Reed's conditional release. *Id*. Doc. 70 at 21. The magistrate judge found no due process or double jeopardy violation and,

further, the state courts' rejection of Reed's claims was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *Id*. at 21-22. Accordingly, the magistrate judge determined Reed was not entitled to federal habeas relief and recommended the § 2254 petition be denied. *Id*. at 22-23. The district court accepted and adopted the Report and Recommendation by order dated March 25, 2013, and denied the habeas petition with prejudice. *Id*. Doc. 71. By order filed on August 6, 2013, the Eleventh Circuit denied Reed's motion for certificate of appealability, finding Reed failed to make the requisite showing and explaining, among other things, as to Reed's gain-time challenge, "federal courts are bound by the state court's interpretation of its own laws, and there are no extreme circumstances present here that would require this Court to re-examine the state court's interpretation of state law." *Id*. Doc. 92 at 2; *see* Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).

Third, on October 4, 2010, Reed filed the instant § 2254 proceeding. Doc. 1. Reed ultimately filed a second amended § 2254 petition. Doc. 16. On August 11, 2011, Respondent Florida Parole Commission filed an answer, with exhibits. Doc. 19. Reed filed a reply thereto on August 30, 2011. Doc. 26. On September 29, 2011, Respondent Secretary of the Department of Corrections filed an answer, with exhibits. Doc. 27. Reed filed a reply thereto on October 4, 2011. Doc. 28.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).

In this case, in his second amended § 2254 petition, Reed raises two grounds:

> (1) Reed "has legal standing to seek writ of mandamus relief barring Parole Commission from applying provisions sections 947.1405(7)(a) Florida Statute (2003) an amended statute to Petitioner in this instant case and the lower court order denying mandamus relief on ground one 'was a departure from the essential requirements of law.'" Doc. 16 at 5.
>
> (2) "The order denying 'mandamus' relief dated July 9, 2009 in which stated that the circuit court finds that the appellant second argument . . . that 'his' release from post sentence supervision was improperly calculated using the (4854) days net gain-time from a prior expired (25) years prison term sentence with the instant violation of probation sentences extended (five) years (V.O.P.) term (30) years prison sentences pursuant to section 944.275(4)(a)(3) 'has' been rendered 'moot' by the Petitioner Reed's return to incarceration was a departure from the essential requirements of law when even upon revocation of the same 'miscalculated' conditional release supervision post sentence the

> case revocation of the post sentence was ordered on October 29th, 2008, and Petitioner was reimprisoned instantly to prison to serve the same 'miscalculated' gain-time that was used to set the post sentence termination date 'of' September 30, 2024 that gain-time will be forfeited as in this instant case at bar is an ongoing manifested severe miscarriage of justice in violation of U.S. Const. Amend. 14." Doc. 16 at 11.

Reed indicates that, for the first ground, the Florida Parole Commission is the Respondent, and for the second ground, the Department of Corrections is the Respondent. *Id*. at 18.

Regarding the first ground, the Florida Parole Commission responds that pursuant to Rule 9(b), Rules Governing § 2254 Cases in the U.S. District Courts, and federal common law, "the successive/abuse of the writ doctrine applies to bar this federal habeas petition or the respective claims in the instant federal habeas petition." Doc. 19 at 13. The Commission explains that Reed's arguments concerning his control release supervision should and could have been raised in his federal habeas action in the Middle District of Florida, case number 8:10cv2107-SDM/EAJ. *Id*. at 14.

Regarding the second ground, the Department of Corrections responds that Reed's challenge to the Department's application of the Florida gain-time statute is not a cognizable federal claim and should be dismissed. Doc. 27 at 14-15, 16-18. The Department explains that this is a state court issue that was previously litigated in state court, and the Florida state courts determined the Department properly applied the Florida gain-time statutes in calculating Reed's sentence, including the forfeiture of his gain-time as a result of the revocation of his conditional release. *Id*. at 16-18. In its

response, the Florida Parole Commission points out that this ground was the subject of the § 2254 petition in case number 5:10cv264-MW/CJK. Doc. 16 at 15.

Indeed, this Court finds that both of the grounds Reed presents in the instant § 2254 proceeding could have been or have already been presented, and decided, in previous § 2254 proceedings. The first ground challenges the requirements of Reed's conditional release supervision and the Florida Parole Commission's revocation of Reed's conditional release supervision on October 29, 2008. *See* Doc. 16 at 5-10. Reed previously challenged this revocation decision in an earlier § 2254 petition that the Middle District of Florida denied on the merits by order dated May 12, 2011. Doc. 19 Exs. L-1 at 7-13.

In his second ground, Reed challenges the Department of Corrections' calculation and forfeiture of his gain-time, arguing the Department erred in using "the (4854) days net gain time found in the (25) years prison term to add in the computation of the sentence." Doc. 16 at 16. This ground was already addressed in case number 5:10cv264-MW/CJK. In the Report and Recommendation in that case, the U.S. Magistrate Judge explained that Florida's gain-time and conditional release programs are creatures of Florida state law" and "[t]his Court will not second guess the state court's interpretation of Florida law." Reed v. Crews, No. 5:10cv264-MW/CJK, Doc. 70 at 17-18. The judge further explained that the Department's forfeiture of 4854 days of gain-time was consistent with Florida law and did not violate due process. *Id.* at 19-21.

Because Reed has thus already presented § 2254 challenges to these decisions of the Florida Parole Commission and the Department of Corrections, the instant

Case No. 4:10cv438-MP/CAS

petition is successive. This Court cannot consider a second or successive § 2254 petition unless the Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3); <u>Burton v. Stewart</u>, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from federal appeals court authorizing him to file second petition). Therefore, this § 2254 petition should be dismissed.

## Conclusion

Based on the foregoing, the instant habeas petition is successive and this Court does not have jurisdiction to consider it. Accordingly, the second amended § 2254 petition (Doc. 16) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DISMISS** Petitioner's second amended § 2254 petition (Doc. 16). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute Michael D. Crews for Kenneth S. Tucker as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on September 30, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**